**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alliance Metals LLC, | No. CV-19-05483-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Metal Care Alloys Private Limited, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Default Judgment (Doc. 29), default having been entered on November 8, 2022 (Doc. 28).  Defendants did not file a Response.  After reviewing Plaintiff's Motion and the relevant law, the Court will deny the Motion with leave to amend for the following reasons.

Plaintiff and Defendants work in the metals industry.  (Doc. 1 at 2.)  Defendants bought scrap metal from Plaintiffs but disapproved of the quality.  (*Id.* at 3.)  Defendants then circulated an email stating Plaintiff "cheated us by supplying such an inferior and worst quality material," and stating Plaintiff "is a cheater & fraud." (*Id.*)  Plaintiff filed its Complaint in October 2019, alleging claims for defamation and interference with business expectancies.  (*Id.* at 3–4.)  In the absence of any participation in this lawsuit by Defendants, the Clerk of Court entered default against them.  (Doc. 28.)  Plaintiff now moves for judgment as to its alleged damages, which it pled in its Complaint as $17,151,918.45.  (Docs. 1 at 6; 29 at 3.)  Plaintiff also requests "three times its compensatory damages as punitive damages" and attorneys' fees and costs.  (Doc. 29 at 3–

4.)

When a court grants default judgment, the plaintiff's allegations are assumed to be true. *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012). But a defaulting party does not admit to legal conclusions or allegations about damages. *Alpha Phx. Indus. LLC v. SCInternational Inc.*, No. CV-12-1848-PHX-SMM, 2013 WL 5814850, at *1 (D. Ariz. Oct. 29, 2013). A defamed party must demonstrate its damages to a "reasonable certainty," which means the parties asserted damages may not "rest upon conjecture or speculation." *Cnty. of La Paz v. Yakima Compost Co., Inc.*, 233 P.3d 1169, 1186 (Ariz. Ct. App. 2010) (citations omitted).

Having reviewed the pleadings concerning damages, the Court finds the compensatory damage amount sought—more than $17 million—unsupported by evidence. Plaintiff alleged to have suffered "direct financial losses" resulting from the email and included two examples of third parties whose business behaviors changed with Plaintiff. (Doc. 1 at 5–6.) The Court accepts as true that Plaintiff suffered damage to its reputation. *See Garamendi*, 683 F.3d at 1080. But neither the Complaint nor the Motion set forth a relationship between the harm to Plaintiff's reputation and the dollar amount Plaintiff seeks. Allegations of unspecific changes to its business relationships with two "example" third parties, among presumably many, fall well short of the reasonable certainty standard. *Yakima*, 233 P.3d at 1186 (plaintiffs must "provide a basis for estimating loss that [does] not rest upon 'conjecture or speculation'" (internal citation omitted)). The Court will therefore deny Plaintiff's Motion, but the Court will grant leave to amend to provide Plaintiff an opportunity to provide evidence of damages.

**IT IS ORDERED** denying Plaintiff's Motion for Default Judgment. (Doc. 29.)

///

///

///

///

///

1    **IT IS FURTHER ORDERED** allowing Plaintiff twenty-one (21) days from the

2    issuance of this order to file an amended motion that addresses the deficiencies described

3    above.

4    Dated this 5th day of January, 2023.

5

6

7

8    Honorable Susan M. Brnovich
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28